# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY D. BELL, JR., | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-39 |
| WARDEN USP-LEWISBURG, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM

### APRIL 17, 2018

**I.     BACKGROUND**

Larry D. Bell, Jr. filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Shortly thereafter, Petitioner was transferred to the Big Sandy United States Penitentiary, Inez, Kentucky (USP-Big Sandy). Named as Respondent is the USP-Lewisburg Warden. Service of the petition was previously ordered.

According to the petition, Bell is serving a sentence which was imposed by the United States District Court for the Central District of Illinois on February 9, 2005. Petitioner's pending action does not challenge the legality of his conviction or sentence.

While confined at USP-Lewisburg, Petitioner was issued an institutional misconduct on August 7, 2015 which charged him with fighting with another person, interfering with staff, and refusing an order. *See* Doc. 1-1, p. 1. A hearing on those charges was conducted by USP-Lewisburg Disciplinary Hearing Officer (DHO) Jordan on August 18, 2015. Petitioner was found guilty of the misconducts and received sanctions which included a twenty-seven (27) day loss of good conduct time.

Petitioner claims that his due process rights were violated during his disciplinary proceedings because he was not provided with a Unit Disciplinary Committee (UDC) hearing as required by BOP regulations. In addition, Bell contends that DHO Jordan was biased and acted improperly by denying Petitioner's request to present witnesses and video evidence. Following completion of the Bureau of Prison's (BOP) administrative review procedures, Bell filed this petition seeking federal habeas corpus relief.

## II. DISCUSSION

On April 10, 2018, Respondent filed a "Suggestion of Mootness." Doc. 8, p. 1. The notice provides that Petitioner was released from BOP custody on January 31, 2018. *See id.* In light of Bell's release from incarceration, Respondent asserts that his matter is subject to dismissal on the basis of mootness.

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)*; Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n.10 (citations omitted). "Past exposure to illegal

conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in *Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009), in the context of a habeas corpus challenge to the execution of a sentence under § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." *Burkey*, 556 F. 3d, at 147. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id. See also United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008).

According to a copy of Petitioner's BOP inmate locator records, which has been submitted by the Respondent, Petitioner was granted good conduct time release on January 31, 2018. *See* Doc. 8-1.

The United States Court of Appeals for the Third Circuit in *Scott v. Schuylkill, FCI*, 298 Fed. Appx. 202, 204 (3d Cir. 2008) addressed a similar scenario. Our Court of Appeals concluded that once a prisoner is placed on supervised release, his habeas corpus petition challenging a prison disciplinary hearing which resulted in a loss of good time credit is subject to dismissal on the

basis of mootness. *See id.* As such, under the principles set forth in *Steffel and Scott,* this matter is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge